**STATE, ex MORINGSTAR, Plaintiff-Relator, v. GIBBS et, etc., Defendants-Respondents.**

Ohio Appeals, First District, Butler County.

No. 965. Decided December 3, 1949.

Ben Worcester, Middletown, for plaintiff-relator.
Fred J. Schatzmann, Middletown, for City of Middletown.

### OPINION

**Per CURIAM:**

This is an action in mandamus and a case coming within the original jurisdiction of this court, and is so filed. The purpose of the action is to compel the respondents to reinstate the relator in his position as Chief Engineer of the Water Works Department of the City of Middletown, Butler County, Ohio, from which he was discharged April 20, 1949, by the respondents constituting the Commissioners of the City of Middletown.

The relator is within the classified service of the City.

Due notice was given relator of his discharge and he filed with respondents an "explanation" requesting a hearing. No hearing was given relator by respondents after such explanation was filed with them, nor do the statutes require that such a hearing be given. **Sec. 486-17 A GC.** Rule XVII, Section 1 of the Rules of the Civil Service Commission of the City of Middletown conforms to the terms of the statute.

The relator, within time, duly filed an appeal with the Civil Service Commission of the City. The respondents failed to send the written explanation filed by relator with respondents, to the Civil Service Commission, as is required both by the statute and the Rules of the Commission.

A full hearing was conducted by the Civil Service Commission, in which relator appeared and testified fully as to the charges of dereliction of duty made against him. Evidence was presented tending to sustain such charges, although such evidence lacked a desirable definiteness specifically applicable to the charges preferred by the respondents.

The transcript of the evidence and conclusions of the Civil Service Commission are before the Court as a part of the record presented to it on oral hearing.

It is the claim of the relator that the Civil Service Commission in its finding and entry did not sustain the charges filed, but placed its decision sustaining the discharge of relator upon the ground that he did not appear before the Commissioners of the City of Middletown for explanation of his conduct.

In such decision and entry of the Civil Service Commission appears the following statement:

"There was no showing of evidence that the dismissal from service created an intolerable hardship for Mr. Moringstar. This is also supported by his neglect to appear before the City Commission for explanation of his conduct which had extended to him a period of seven days for such explanation."

Other statements in the record appear to justify the conclusion that the Commission was satisfied that the dismissal of the relator was justified by his conduct.

It is stated in the finding and entry of the Civil Service Commission:

"After due consideration of evidence presented at the hearing of C. T. Moringstar, Appellant, for reinstatement in the position of Chief Engineer of Water works Department, it is the unanimous judgment of this Commission that the action of dismissal from service by the City Commission was justifiable and is hereby affirmed."

A fair interpretation of this language is that the charges preferred were sustained. Although, again, the language used lacks a desirable definite application to the specific charges. However, it does appear that a basis for the affirmance of the action of the Commissioners of the City was the fact that the Relator had **neglected** to appear before them. The relator requested this privilege. It was never granted him and he was not required to wait until the last minute to file his appeal before the Civil Service Commission. He did wait a reasonable time. In addition, it is to be again noted that the Commissioners are not required to give the employe such hearing.

It is true that the relator was given a full opportunity to present his case before the Civil Service Commission and made no issue of the failure of respondents to file his explanation with the Civil Service Commission. The explanation made by the relator at the hearing before the Civil Service Commission might well be considered ample defense to the charges made against him. This court cannot, however, weigh the evidence so presented.

On the other hand, the written explanation of the relator was not sent to the Civil Service Commission by the respondents, and it is evident that the absence of this explanation must have had a bearing upon the consideration of the appeal, since the **neglect of the respondents** is erroneously charged by the Civil Service Commission against the relator.

It might be under some circumstances that a mere failure to file the explanation with the Civil Service Commission would not be so prejudicial as to require reinstatement of the employee.

In addition to the foregoing Rule XVII, Section 1 of the Rules of the Civil Service Commission provides:

"NOTICE OF DISMISSAL. The discharge of a permanent employee other than at the end of a probationary period shall not become effective until the appointing authority shall have first served upon such employee a written notice of discharge which shall contain one or more reasons or grounds for discharge together with such specifications of facts as will enable said employee to make an explanation and place him fairly upon his defense, and shall have filed with the Commission a copy of such notice of discharge together with the explanation, if any, made by the employee."

It is stated at the beginning of the rules that the word "Commission" when used in the Rules refers to the Civil Service Commission unless otherwise specified.

Obviously, this Rule XVII, Section 1 was ignored, both by the appointing authority and the Civil Service Commission. By such rule it is apparent in the instant case that the discharge was not effective for any purpose.

In the instant case, taking into consideration the failure of the Civil Service Commission to definitely pass upon the specific charges filed with them by respondents, the failure of such respondents to comply with the mandate of the statute and the rule of the Civil Service Commission, and the erroneous predicate included in the reasons for affirmance by the Civil Service Commission, placing the neglect of the respondents upon the shoulders of the relator, it must be concluded that the failure of the respondents to comply with the law was not only a mere dereliction of duty, required by the statute and rule, but vitally prejudicial to this relator.

This Court has frequently requested the respondents to present a brief, but none has at this writing been filed, although ample time has elapsed in which to prepare and present same.

For the reasons given, the finding, judgment, and entry of the Civil Service Commission is set aside, and the prayer of the Relator for reinstatement and certification is granted.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur.